UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MOSES CROWE,<br><br>　　　　　Defendant. | CR. 18-50010-02-JLV<br><br>ORDER |

## INTRODUCTION

A grand jury indicted defendant Moses Crowe on charges of carjacking resulting in serious bodily injury, discharging a firearm during and in relation to a crime of violence and possessing a firearm as a prohibited person. (Docket 2). The indictment also named two co-defendants, Saul Crowe and Ranson Long Pumpkin. Id. Co-defendant Saul Crowe pled guilty and the court accepted his guilty plea. (Dockets 74 & 80). Defendant now moves to sever his case for trial from Ranson Long Pumpkin pursuant to Federal Rule of Criminal Procedure 14.[1] (Docket 97). The government resists the motion. (Docket 99). For the reasons given below, the court denies defendant's motion.

---

[1]Defendant requests his case be severed from both Saul Crowe and Ranson Long Pumpkin, but only Mr. Long Pumpkin remains to be tried with defendant.

**DISCUSSION**

## I.    Legal Standards

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). "The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true." United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (internal citations omitted), overruled on other grounds by United States v. Inadi, 475 U.S. 387 (1986). "If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be 'liberally construed in favor of joinder.'" Id. (quoting United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994)).

"Under Rule 14, a district court may sever a defendant's trial from the trial of co-defendants if it appears that a defendant . . . is prejudiced by a joinder of offenses or of defendants in an indictment . . . or by such joinder for trial together." Darden, 70 F.3d at 1527 (internal quotation marks and brackets omitted). "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Id. (citations omitted). "To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.'" United States v. Davis, 534 F.3d 903,

916-17 (8th Cir. 2008) (quoting United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)).

"Disparity in the weight of the evidence between the codefendants is not a sufficient reason for severance." United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) (citations omitted). "[T]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995) (internal quotation marks and citations omitted). "[T]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. . . . Put simply, mere hostility between defendants or one defendant's attempt 'to save himself at the expense of another' codefendant is not a sufficient ground to require severance." Id. (quoting United States v. Boyd, 610 F.2d 521, 526 (8th Cir. 1979)).

## II.    Analysis

### A.    Joinder

The court first finds it is proper to join defendant's and Mr. Long Pumpkin's cases for trial under Federal Rule of Criminal Procedure 8. That rule states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.

Fed. R. Crim. P. 8(b). The indictment here alleges that both defendant and Mr. Long Pumpkin participated in the same carjacking in Rapid City on October 13, 2017. (Docket 2 at p. 1-2). They also both discharged a firearm during the

3

carjacking, according to the affidavit.   Id. at p. 2.   The indictment does

separately allege defendant possessed a firearm as a felon on October 25, but he

does not assert that charge should be severed from the carjacking and firearm

discharge offenses, nor does he argue this additional firearm charge constitutes

improper joinder of his case with Mr. Long Pumpkin's.   Id. at p. 3.   Defendant

and Mr. Long Pumpkin are properly joined in the indictment because "they are

alleged to have participated in the same act or transaction," namely, the alleged

carjacking.   Fed. R. Crim. P. 8(b).

**B.    Severance**

Having determined defendant's and Mr. Long Pumpkin's cases are

properly joined for trial, the court now concludes defendant has not shown any

prejudice which would merit severing the cases.   Defendant first asserts a joint

trial will prejudice him because Mr. Long Pumpkin will "likely insinuate to the

jury" that defendant "committed the crimes alleged."   (Docket 98 at p. 2).   He

then argues the government will offer as evidence statements Mr. Long Pumpkin

allegedly made to a third party admitting he and "his guys" committed the

carjacking.   Id.   Defendant argues these statements violate the Confrontation

Clause and will lead the jury to convict him as well as Long Pumpkin.   Id. at

pp. 2-3 (citing Bruton v. United States, 391 U.S. 123 (1968)).   He asserts

severance or prohibiting the government from offering any co-defendant

statements are the only options to avoid a Confrontation Clause violation.   Id. at

p. 3.

Defendant's first argument is foreclosed by case law. "[O]ne defendant's attempt to save himself at the expense of another codefendant is not a sufficient ground to require severance." Shivers, 66 F.3d at 940 (internal quotation omitted). Any possible prejudice to defendant can be alleviated by giving the jury "a strict charge to consider the guilt or innocence of each defendant independently." United States v. Mann, 685 F.3d 714, 718 (8th Cir. 2012) (internal quotation omitted). The possibility Mr. Long Pumpkin will seek to blame defendant for the alleged crimes does not merit severance.

Defendant's second argument is likewise unavailing. He asserts the Supreme Court's decision in Bruton requires severance to avoid a Confrontation Clause violation. (Docket 98 at pp. 2-3). Later refinement of Bruton, both by the Supreme Court and by the United States Court of Appeals for the Eighth Circuit, establish admitting Mr. Long Pumpkin's statements would not violate the Confrontation Clause.

"In Bruton, the Supreme Court held that the admission of a non-testifying defendant's statement implicating a codefendant violates the codefendant's constitutional right to confront the witnesses against him even if there is a curative instruction otherwise." Davis, 534 F.3d at 915 (citing Bruton, 391 U.S. at 135-36). However, "[t]here is no Bruton violation . . . if the statement 'only inculpates a codefendant inferentially—through linkage to other evidence.' . . . Thus, a Bruton violation can be avoided by redacting information from the statement that references the codefendant and providing a limiting instruction to the jury." Id. (quoting United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003)). A Bruton violation is still possible "where the confession is redacted but nevertheless leads the jury straight to the conclusion that the replacement

pronoun refers to the defendant." United States v. Jones, 101 F.3d 1263 (8th Cir. 1996) (internal quotation omitted).

The government asserts Mr. Long Pumpkin only named co-defendant Saul Crowe as a fellow carjacker in his statement to a third party. (Docket 99 at p. 7). In addition, Mr. Long Pumpkin's more general statement—that he and his "guys" committed the carjacking—does not directly inculpate defendant. If relevant at trial, it will be the jury's function to determine as a factual matter whether defendant was one of the "guys" Mr. Long Pumpkin referred to in his statement to the witness. Here, Mr. Long Pumpkin's statement does not incriminate defendant "on its face" and will only incriminate him if "linked with evidence introduced later at trial." Richardson v. Marsh, 481 U.S. 200, 208 (1987). Admission of Mr. Long Pumpkin's statement would not violate the Confrontation Clause. Id. at 211. Accordingly, the possibility the statement may be admitted does not require the court to sever defendant's trial from Mr. Long Pumpkin's.

**ORDER**

For the reasons given above, it is

ORDERED that defendant's motion to sever (Docket 97) is denied.

IT IS FURTHER ORDERED that a scheduling order will issue.

Dated May 13, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE